IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GEORGE ROBERT BREWINGTON, )
)
      Petitioner, )
)
v. ) Case No. CIV-10-568-HE
)
DAVID MILLER, LCC WARDEN, )
)
      Respondent. )

## Report and Recommendation

In this habeas action, the Petitioner admits that at least some of his habeas claims are unexhausted. He requests a stay, but does not object to dismissal without prejudice. Because termination of the action would not preclude refiling, the Court should order dismissal without prejudice rather than a stay.

Mr. Brewington seeks habeas relief on grounds involving:

- conflict of interest between the trial judge, defense counsel, and an investigating officer,

- ineffective assistance of counsel,

- improper selection and empaneling of the grand jury and petit jury, and

- lack of probable cause and insufficiency of evidence for the charge involving possession with intent to distribute.

Under federal law, Mr. Brewington had to submit each claim to the Oklahoma Court of Criminal Appeals.[1]

---

[1] *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Mr. Brewington acknowledges that he did not present some of these claims to the state appeals court[2] and that the habeas action is unexhausted.[3]

Although Mr. Brewington unsuccessfully sought post-conviction relief in the state district court, he did not appeal. At this point, the deadline for a post-conviction appeal has expired. Nonetheless, Mr. Brewington has the option of seeking an appeal out-of-time.[4]

Because some of the habeas claims are unexhausted, the Court must either stay the action or dismiss it without prejudice.[5] "[S]tay and abeyance should be available only in limited circumstances."[6] For example, issuance of a stay is only appropriate when the petitioner had "good cause" for the failure to exhaust the claims in state court.[7]

Mr. Brewington has not asserted good cause for the failure to fully exhaust his claims, and none is readily apparent. He may have been unaware of the exhaustion requirement, but ignorance of the law does not constitute "good cause" for purposes of a stay.[8]

---

[2]   *See* Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody at p. 7 (May 28, 2010) ("Petition").

[3]   *See* Enter Order (July 15, 2010).

[4]   *See* Rule 2.1(E), Rules of the Oklahoma Court of Criminal Appeals.

[5]   *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (dismissal); *Rhines v. Weber*, 544 U.S. 269, 275-79 (2005) (stay).

[6]   *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[7]   *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[8]   *See Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) (stating that ignorance of the law does not constitute "good cause" for a stay in habeas proceedings); *see also Gunderson v. Abbott*, 172 Fed. Appx. 806, 809 (10th Cir. Mar. 24, 2006) (unpublished op.) (holding that the court did not err by declining to find good cause for a stay based on ignorance of the law).

A stay is also unnecessary to avoid a time-bar. For a habeas action, Mr. Brewington has one year from the date that his action became final.[9] The Oklahoma Court of Criminal Appeals affirmed on December 10, 2009.[10] He then had 90 days for a certiorari petition to the United States Supreme Court.[11] The 90th day fell on March 10, 2010. Thus, even without tolling, a habeas action would not be due until March 10, 2011. In these circumstances, dismissal would not prejudice Mr. Brewington's eventual opportunity to seek habeas relief upon completion of state court proceedings.

Mr. Brewington properly admits that some habeas claims are unexhausted. Although he requests a stay, he does not object to dismissal without prejudice. The Court should order the latter - dismissal without prejudice - because of the absence of good cause for the failure to fully exhaust the habeas claim.

The Petitioner is advised of his right to object to this report and recommendation by August 6, 2010.[12] If the Petitioner does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma.[13] The

---

[9] *See* 28 U.S.C. § 2244(d)(1)(A) (2006).

[10] *See* Petition at p. 3.

[11] *See* 28 U.S.C. § 2101(c) (2006); Rule 13.1, Rules of the Supreme Court of the United States.

[12] *See* 28 U.S.C. 636(b)(1) (2006); Fed. R. Civ. P. 6(d), 72(b)(2).

[13] *See* 28 U.S.C. 636(b)(1) (2006).

Petitioner is further advised that if he does not timely object, he would waive his right to appeal the suggested ruling.[14]

This report and recommendation terminates the referral.

Entered this 20th day of July, 2010.

Robert E. Bacharach
United States Magistrate Judge

---

[14] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).